## WHITE *vs.* CASEY & HEUSTIS.

1. It is not error that counsel, in arguing a cause, reads and comments upon an account, only one item of which is specially proved—it appearing that there was general proof of services performed by the plaintiff.

This was an action of assumpsit brought by the defendants in error, in Dallas Circuit Court, as physicians, for medicine and medical services, furnished and performed by the said defendants, for the said plaintiff, &c. Common counts were alone inserted in the declaration; to which several pleas in bar to the merits, were filed. On the trial, in the Court below, as shown by the bill of exceptions, the matter of which is assigned and principally relied on as error—the defendants in error produced a witness who proved, that he delivered for the said defendants, to the plaintiff in error, sundry portions of medicine, between February 8th, 1824, and October, 1826, with nine dollars and twelve and a half cents: an account taken from the book of the said defendants, against the said plaintiff, was handed to the said witness, who testified, that it was not in his hand writing, but that he had examined and compared it with the book from which it was taken, and that the sum of nine dollars and twelve and a half cents, he knew to be correct; this was the only part of the account proven. Other witnesses were then introduced, who gave evidence of services rendered generally, by the said defendants, for the said plaintiff—which was all the evidence offered. On the argument of the cause, by the counsel of the said defendants, the counsel

produced and offered to read to the jury, a regular account of items, in favor of the said defendants, against the said plaintiff, amounting to the sum of sixty-nine dollars and twelve and a half cents; to which the plaintiff, by his counsel, objected, on the ground, that the account had not been proved; and moved the Court, to confine the counsel, in argument, to the evidence given on the trial. The Court overruled the objection, and permitted the said account to be read, item by item, to the jury. The Court below, however, further decided, that the said account was not evidence; and so instructed the jury.

The jury found a verdict for the said defendants, for the sum of sixty-nine dollars and twelve and a half cents—precisely the amount of the account read.

TAYLOR, J.—On the trial of this case, in the Circuit Court, the counsel of Casey and Heustis, the plaintiffs below, were permitted to read, in their argument, an account for medicine and medical service, against the defendant, White, amounting to sixty-nine dollars and twelve and a half cents, for which amount, the jury returned a verdict in favor of the plaintiffs.

Only one charge, in this account, was specially proved, amounting to about nine dollars; but evidence, that the plaintiffs attended as physicians, upon the wife of the defendant, while ill, five miles from them, was introduced. A reference to the account, in the argument, was objected to, by the counsel for the defendant, but the Court permitted it to be so used, informing the jury, at the time, that it was not as evidence, that the account was referred to.

It is now insisted, that this is good cause for reversing the judgment; that the use which was made of the account, was calculated to prejudice the minds of the jury, and also, that the verdict, which was for the precise amount of the account, proves, it did have that effect.    To sustain this position, the counsel for the plaintiff in error have cited the cases of *Penfield* vs. *Carpender*,[a] and *Irvine* vs. *Cook*.,[b]    These cases maintain the position, that it is error to permit incompetent testimony to be given to a jury, although they are afterwards instructed, that they must reject it, in their retirement.    But it is believed, there is not much analogy between the cases.    When testimony is introduced, as competent, it makes an impression upon the mind, from its being received as such, which otherwise, it would not do.    But it is presumable, that the argument upon the account, was intended to show, that it was such an one as would probably arise from the attendance upon the wife of the plaintiff, to which attendance, a witness had generally deposed, without being able to specify particulars.    The jury had a right to find what, from the testimony, they considered a reasonable allowance for trouble and medicine; and we can see no objection to the counsel producing a paper in the form of an account, and contending, before the jury, that the charges contained in it were reasonable, and sufficiently proved by the evidence.

The judgment is affirmed,

LIPSCOMB, C. J., not sitting.